**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RUBEN DIAZ,

        Plaintiff,

v.   Case No. 6:15-cv-418-Orl-37DAB

THE STAN GROUP, INC.; and FEDEX
GROUND PACKAGING SYSTEM, INC.,

        Defendants.

**ORDER**

On April 30, 2015, the parties to this action, which includes a Fair Labor Standards Act ("FLSA") unpaid-overtime claim, attempted to stipulate to its dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).[1] (*See* Doc. 24.) The parties provide no explanation of the circumstances surrounding the stipulation other than noting that "[n]o settlement occurred in the above-styled FLSA action." (*See id.*) Upon consideration, the Court finds that the stipulation is due to be rejected.

Under Rule 41(a)(1)(A), parties are not permitted to stipulate to the dismissal of an action if doing so would run contrary to "any applicable federal statute." Compromising wage claims without court approval runs contrary to the FLSA. *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352–54 (11th Cir. 1982). If follows then that Rule 41(a)(1)(A) does not permit parties to stipulate to the dismissal of an FLSA action if doing so would compromise a wage claim without court approval. *See, e.g.*, *Dees*

---

[1] Inconsistently, the parties refer to their filing as both a "motion" and a "stipulation." (*See* Doc. 24.) Because the parties cite Rule 41(a)(1)(A)(ii), the Court construes the filing as an attempted stipulation rather than a Rule 41(a)(2) motion. (*See id.*)

*v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1247 (M.D. Fla. 2010) (rejecting a Rule 41(a)(1)(A)(ii) dismissal of an FLSA claim for failure to obtain judicial approval of the parties' settlement agreement).

Here, the parties seek to dismiss Plaintiff's FLSA wage claim *with prejudice* (Doc. 24), meaning that Plaintiff would be compromising the claim unless one of two things happened after the initiation of this action: (1) Plaintiff received full monetary compensation for the claim without relinquishing anything else of value, obviating the need for judicial scrutiny, *see Dees*, 706 F. Supp. 2d at 1239–40; or (2) Plaintiff determined that the claim was not viable for some reason—such as a lack of FLSA coverage, *see Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)—and thus the claim had no value to compromise. The parties do not clarify whether either of those events occurred in this case. (*See* Doc. 24.)

Because the Court cannot determine from the parties' stipulation whether Plaintiff has compromised a viable FLSA claim, the stipulation is due to be rejected. *See Phu Thanh Tran v. New Generation Fusion Rest. Grp.*, No. 6:14-cv-572-Orl-40DAB, 2015 WL 1125102, at *4 (M.D. Fla. Mar. 12, 2015) (striking a Rule 41(a)(1)(A)(ii) stipulation which implied that the parties had settled an FLSA claim but did not "provide enough information for the [c]ourt to determine that the settlement was fair"). Under the circumstances, the parties have at least four options moving forward: (1) if Plaintiff has *not* compromised his FLSA claim—meaning that he has either been fully compensated, *see Dees*, 706 F. Supp. 2d at 1239–40 (discussing "full" compensation), or he has determined that the claim is not viable—then the parties can explain as much in a renewed stipulation of dismissal with prejudice; (2) if Plaintiff *has* compromised his FLSA claim, then the parties

can file a joint motion for a *Lynn's Food Stores* settlement approval, *see* 679 F.2d at 1352–53; (3) the parties can stipulate to a dismissal *without prejudice*, leaving Plaintiff's FLSA claim viable and the settlement unenforceable; or (4) the parties can proceed with this litigation pursuant to the Court's FLSA Scheduling Order (Doc. 9).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the parties' Joint Stipulation for Voluntary Dismissal with Prejudice (Doc. 24) is **REJECTED**. To the extent that the parties intended the filing to be a motion (*see id.*), the motion is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 4, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record